UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| General Insurance Company of America, et al., | No. 1:23-cv-00269-KJM-SKO |
| Plaintiffs, | ORDER |
| v. | |
| Trent Calvert, et al., | |
| Defendants. | |

In this action, plaintiffs General Insurance Company of America and Safeco Insurance Company of America seek confirmation that they had no duty to defend their insureds, the defendants in this action, in an underlying case litigated in state court. As explained in this order, General and Safeco have demonstrated they had no duty to defend under the applicable insurance policies, and General is entitled to a reimbursement of the defense costs and fees it paid. Their motion for summary judgment is **granted**.

I. BACKGROUND

In the summer of 2022, a sixteen-year-old girl and her guardian filed a lawsuit in California state court alleging a boy from her school had sexually assaulted her.[1] According to

---

[1] *See* Compl. ¶¶ 1, 3, 21–25, *A.S. v. Calvert*, No. 22CV-01569 (Cal. Super. Ct. Merced Cnty. June 3, 2022); *see also* First Am. Compl., *A.S. v. Calvert*, No. 22CV-01569 (Cal. Super. Ct. Merced Cnty. July 27, 2022); Second Am. Compl. ¶¶ 1, 3, 28–30, *A.S. v. Calvert*, No. 22CV-01569 (Cal. Super. Ct. Merced Cnty. Mar. 22, 2023). Copies of all three complaints were filed on

1

the complaint, which refers to the girl as "A.S.," the assault occurred in the home of a boy in that school, Trent Calvert, during a remote school session. *See* A.S. Compl. ¶¶ 28–30. His parents worked as teachers at the high school both he and A.S. then attended. *See id.* ¶¶ 4–5. A.S. alleges the boy's parents and other school employees attempted to protect him. *See id.* ¶¶ 31–36. She also alleges her reports of an assault prompted shaming, harassment and bullying, including by the boy's mother and sister, G.C., a fellow student who, according to her complaint, threatened to attack her and shouted obscenities at her. *See id.* ¶¶ 31, 37–40. A.S. asserted a variety of state law claims against Trent, his parents (Mistie and Robbie Calvert), G.C., and several other defendants affiliated with the school and the district.[2] *See id.* ¶¶ 60–195.

The Calverts had purchased a homeowners insurance policy from General and an umbrella policy from Safeco. *See* Portnoy Decl. ¶¶ 4, 6, ECF No. 57-3; *see also* Gen. Ins. Policy, Portnoy Decl. Ex. 1; Safeco Ins. Policy, Portnoy Decl. Ex. 2. Their attorney tendered A.S.'s claims to those two insurers. *See* Portnoy Decl. ¶ 9 & Ex. 3. General decided its policy did not cover the claims against Trent. *See id.* ¶ 10 & Exs. 4, 7. General reached the same conclusion about the claims against Mistie, Robbie and G.C. *See id.* Ex. 5 at 10. General nevertheless agreed to provide a defense to them, but reserved its rights to later deny coverage and seek reimbursement of its fees. *See id.* Ex. 5 at 11–12. Safeco, by contrast, denied the Calverts' requests for coverage in their entirety. It interpreted its policy as relieving it of any duty to defend while General was providing a defense. *See id.* Ex. 5 at 13–14 & Ex. 8 at 13.

General and Safeco then filed this action, naming the Calverts and A.S. as defendants.[3] They seek a declaration confirming they have no duties to defend or indemnify the Calverts

---

the docket of this action as Exhibits 3 and 6 to the declaration of Cheryl Portnoy, ECF No. 57-3. For convenience, the remainder of this order refers only to the allegations in the second amended complaint, which is cited as the "A.S. Compl." The court takes judicial notice of these filings and their contents, but assumes neither that their allegations are true nor that their legal claims are valid. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[2] For ease of reference and to avoid confusion, the court has used these parties' first names in this order, intending neither disrespect nor improper informality. The court has also used the spelling "Mistie," as in the most recent state court filings.

[3] The original complaint was filed a few weeks after General agreed to provide a defense to Mistie, Robbie and G.C. in the underlying *A.S.* action. *Compare* Compl., ECF No. 1 (filed Feb. 22, 2023) *with* Portnoy Decl. Exs. 4–5 (sent Jan. 23, 2023). The amended complaint was

against A.S.'s allegations, and they seek reimbursement of the defense costs they have already paid. *See generally* Compl., ECF No. 1; First Am. Compl., ECF No. 40. Each defendant filed an answer, represented by counsel. ECF Nos. 41–44, 49. General and Safeco then filed their pending motion for summary judgment. *See generally* Mot. Summ. J., ECF No. 57. Although counsel for each of the defendants stated during the attorneys' prefiling conference that they would oppose General and Safeco's motion, no oppositions were filed. *See* Gregory Decl. ¶¶ 2–4, ECF No. 57-2. The previously assigned district judge took the matter under submission without holding a hearing. *See* Min. Order, ECF No. 58. The undersigned likewise finds oral argument unnecessary given the absence of any opposition. *See* E.D. Cal. L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party.").

## II. DUTY TO DEFEND

The court must enter judgment as a matter of law if "no genuine dispute as to any material fact" requires a trial. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). As no material facts are disputed in this case, the court need only decide whether General and Safeco are entitled to judgment as a matter of law. The court must undertake that inquiry regardless of the lack of any opposition by the defense. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013).

In this diversity action, the court applies California law to interpret the two policies. *See Bell Lavalin, Inc. v. Simcoe & Erie Gen. Ins. Co.*, 61 F.3d 742, 745 (9th Cir. 1995). Under California law, an insurer has a duty to defend its insureds against any third-party claim that "potentially seeks damages within the coverage of the policy." *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966) (emphasis omitted). That duty continues until the insurer shows "the underlying claim cannot come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287,

---

filed after General stood by that decision after reviewing the second amended complaint in the underlying *A.S.* action. *Compare* First Am. Compl., ECF No. 40 (filed Oct. 2, 2023) *with* Portnoy Decl. Exs. 7–8 (sent May 9, 2023).

301 (1993). If an insurer believes it has no duty to defend, it can accept the defense under a reservation of rights and file a separate action requesting a judicial declaration that it has no duty to defend, as General has done here. *See Truck Ins. Exch. v. Superior Court*, 51 Cal. App. 4th 985, 994 (1996). The California Supreme Court has essentially advised insurers to follow that course. *See Montrose Chem. Corp.*, 6 Cal. 4th at 301 ("[T]he insurer is well advised to seek a judicial determination that it owes no defense."). The question, then, is whether any claims in the underlying *A.S.* action "cannot come within the policy coverage by virtue of the scope of the insuring clause or the breadth of an exclusion." *Id.*

The court begins with the claims against Trent. The General and Safeco policies both cover suits for "bodily injury or property damage caused by an occurrence," i.e., an "accident." Gen. Ins. Policy at 14, 25 (emphasis omitted); Safeco Ins. Policy at 2–3 (emphasis omitted). A.S.'s allegations of an intentional sexual assault by Trent cannot possibly be described as such an "accident." California courts have repeatedly held that intentional assaults are not "accidents." *See, e.g.*, *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 47 Cal. 4th 302, 315–16 (2009) (collecting authority); *Northland Ins. Co. v. Briones*, 81 Cal. App. 4th 796, 809–11 (2000) (reasoning similarly in a case of alleged sexual misconduct by insured).

But even if the claims against Trent came within the policies' insuring clauses, those policies make relevant exclusions. General's policy unambiguously provides that it does not apply to "bodily injury or property damage . . . arising out of physical or mental abuse, sexual molestation or sexual harassment." Gen. Ins. Policy at 17. Safeco's policy provides similarly that it "does not apply to any . . . bodily injury, personal injury or property damage . . . arising out of sexual molestation . . . sexual harassment or physical or mental abuse." Safeco Ins. Policy at 6. A.S. alleges Trent subjected her to a sexual assault. Her claims against him all arise out of that alleged assault. *See* A.S. Compl. ¶ 143 (assault claim); *id.* ¶¶ 153–55, 158 (battery claim); *id.* ¶¶ 163–66 (sexual battery claim); *id.* ¶ 187 (intentional infliction of emotional distress claim).

The two policies also include exclusions related to intentional conduct. General's policy does not apply "to bodily injury or property damage . . . which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured." Gen.

Ins. Policy at 14 (emphasis omitted). Safeco's policy similarly "does not apply to any . . . bodily injury or property damage arising out of any act or damage which is expected or intended by any insured, or which is the foreseeable result of an act or omission intended by any insured, which causes bodily injury of property damage." Safeco Ins. Policy at 4 (emphasis omitted). Sexual assaults are, in fact, intentional and willful acts that must be excluded under state law. *See, e.g.*, *Marie Y. v. Gen. Star Indem. Co.*, 110 Cal. App. 4th 928, 953 (2003) (citing Cal. Ins. Code § 533). The claims against Trent all rest on allegations of intentional conduct. *See* A.S. Compl. ¶¶ 143, 146 (assault claim); *id.* ¶¶ 153–56, 158 (battery claim); *id.* ¶¶ 163–66, 167 (sexual battery claim); *id.* ¶¶ 187, 193 (intentional infliction of emotional distress claim). For these reasons, there is no possibility the two policies covered the claims against Trent. Neither General nor Safeco has a duty to defend or indemnify with respect to the claims against Trent.

The claims against G.C. likewise rest on allegations of intentional acts and intended harms. In the assault claim, A.S. alleges G.C. "intentionally" and "willfully" threatened and verbally harassed her. *See id.* ¶¶ 144–46. A.S. similarly alleges G.C. intended her threats and harassment to cause A.S. emotional distress. *See id.* ¶¶ 188–89, 193. These claims do not describe covered "accidents," and intentional threats and harassment are excluded under the policies' terms and state law. *See, e.g.*, *Michaelian v. State Comp. Ins. Fund*, 50 Cal. App. 4th 1093, 1106–08 (1996) (holding harassment, assault and emotional distress claims were not potentially covered). Neither General nor Safeco has a duty to defend or indemnify with respect to the claims against G.C.

The same reasoning eliminates the possibility of coverage for the similar claims against Mistie. A.S. alleges Mistie intentionally and willfully shouted obscenely at her. *See* A.S. Compl. ¶¶ 145–46, 188, 193. There is no potential for coverage of these allegedly intentional efforts to cause harm, so General and Safeco did not have a duty to defend or indemnify related to these claims.

A.S. also alleges Mistie and Robbie are liable as Trent's parents and guardians under California Civil Code section 1714.1. *See* A.S. Compl. ¶¶ 172–73. The General and Safeco policies do not potentially cover this claim. Under section 1714.1, a minor's acts of "willful

misconduct" are "imputed to the parent or guardian having custody and control of the minor for all purposes of civil damages." Cal. Civ. Code § 1714.1(a). That parent or guardian is "jointly and severally liable with the minor for any damages resulting from the willful misconduct." *Id.* A.S. alleges Mistie and Robbie are liable for Trent's actions as his parents under these provisions. *See* A.S. Compl. ¶ 173. The claim under section 1714.1 therefore arises from the alleged sexual assault, and it is excluded for the same reasons the claims against Trent are excluded. General and Safeco do not have duties to defend or indemnify related to this claim.

Finally, A.S. alleges Mistie and Robbie were negligent under a theory of premises liability. She alleges they breached their duty of care by permitting their home "to be in a dangerous condition" while she was there for a mandatory remote school session. *See id.* ¶¶ 179–85. In contrast with the allegations discussed above, these allegations do portray an "accident" and "occurrence" under the policies' terms; the allegation is that the two parents fell short of their obligation to keep their property safe, not that they intentionally set up the circumstances with the expectation of an assault. A.S.'s allegations are also consistent with a theory of unintended harm, at least when it comes to Mistie and Robbie. It is quite possible that the harms in question were not harms that Mistie and Robbie intended or foresaw under the policies' exclusion for intentional harms. But as General and Safeco correctly argue, the exclusion for intentional harms refers to harms intended by "any insured," not just Mistie and Robbie. Gen. Ins. Policy at 14; Safeco Ins. Policy at 4. California courts have interpreted this type of language "collectively, so that if one insured has committed acts for which coverage is excluded, the exclusion applies to all insureds with respect to the same occurrence." *Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 318 (2010). It is undisputed that Trent also was an insured, and as explained above, he did expect or intend the harms in question, according to A.S.'s complaint, so the General and Safeco policies exclude coverage for the negligence claim.[4]

---

[4] It might be possible to argue a sexual assault is not the "same occurrence" under *Minkler* as a negligent failure to prevent that sexual assault. 49 Cal. 4th at 318. Defendants do not make that argument, however, and so the court does not reach it in this order.

In sum, neither General nor Safeco has a duty to defend or indemnify in connection with the claims in A.S.'s complaint.

## III.  REIMBURSEMENT

As summarized above, "[a]n insurer may agree to defend a suit subject to a reservation of rights." *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489, 497, *answering question certified by* 210 F.3d 381 (9th Cir. 2001) (unpublished table decision).  "An insurer can reserve its right to assert noncoverage unilaterally merely by giving notice to the insured.  By accepting the insurer's defense under these circumstances, the insured is deemed to have accepted this condition." *Id.* at 498 (citations omitted).  "If the reservation of rights agreement contains a reimbursement clause, the carrier retains its right to seek reimbursement for payments expended if noncoverage is ultimately proven." *Truck Ins. Exch. v. Superior Ct.*, 51 Cal. App. 4th 985, 994 (1996).

General agreed to provide a defense in the underlying case under a reservation of rights, and its reservation included a reimbursement clause. *See* Portnoy Decl. Ex. 5 at 11 ("General Insurance also reserves its right to seek reimbursement from the Calverts for fees and costs it incurs solely in defense of claims not potentially covered under the HO Policy, and/or for any indemnity payment it might make to satisfy all or part of any judgment or settlement in connection with any portion of A.S.'s claims to the full extent permitted by California law."). Because General has proven it had no duty to defend, it is entitled to reimbursement of the defense costs it paid. *See Buss v. Sup. Ct.*, 16 Cal.4th 35, 51 & n.13 (1997).  General has offered undisputed evidence that it paid costs and fees of $27,947.85.  Portnoy Decl. ¶ 16.

General also is entitled to an award of prejudgment interest from the date of payment. *See Evanston Ins. Co. v. OEA, Inc.*, 566 F.3d 915, 920–21 (9th Cir. 2009) (citing and interpreting Cal. Civ. Code § 3287(a)); *Gov't Emps. Ins. Co. v. Nadkarni*, 477 F. Supp. 3d 1091, 1097 (N.D. Cal. 2020) (same), *aff'd*, 842 F. App'x 172 (9th Cir. 2021) (unpublished).  The applicable interest rate is seven percent per annum. *See Nadkarni*, 477 F. Supp. 3d at 1097–98.

## IV.  CONCLUSION

The court **grants** the motion for summary judgment (ECF No. 57).  Defendants must reimburse plaintiff General Insurance Company for the defense fees and costs it paid in

connection with the underlying action in the amount of $27,947.85 plus prejudgment interest at a rate of seven percent per annum.

The clerk's office is instructed to close the case.

IT IS SO ORDERED.

DATED: March 25, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE